**DONNELLY CLARK**
1000 Boardwalk
Atlantic City, NJ  08401
(609) 347-1199; fax: (609) 449-5090
Attorneys for Defendants, Trump Entertainment Resorts, Trump Taj Mahal Associates,
LLC and John M. Donnelly, Esquire

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE KLEMMER, BRUCE PEARLMAN AND GERALD FLORIO,<br><br>Plaintiff,<br><br>v.<br><br>TRUMP ENTERTAINMENT RESORTS (a Delaware Corporation), TRUMP TAJ MAHAL ASSOCIATES, LLC (a New Jersey Corporation, JOHN M. DONNELLY, ESQUIRE, JOHN DOE DECISION MAKERS (Plural 1-10) and JOHN DOE INDIVIDUALS WHO SECRETLY RECORDED PLAINTIFFS (Plural 1-10)<br><br>Defendants. | Civil No.  1:14-cv-05319-JBS-KMW<br><br>NOTICE OF MOTION TO DISMISS COMPLAINT UNDER RULES 4(m), 12(B)(1) and 12(B)(6)<br><br>***Electronically Filed*** |

TO:   Richard Press, Esq.
        23 East Black Horse Pike
        Pleasantville, NJ 08232

PLEASE TAKE NOTICE that on October 6, 2014, the undersigned attorneys for Defendants Trump Entertainment Resorts, Trump Taj Mahal Associates, LLC and John M. Donnelly, Esquire, shall apply to the Honorable Jerome B. Simandle, United States District Court for the District of New Jersey at the Mitchell H. Cohen U.S. Courthouse, 4th and Cooper Streets, Camden, New Jersey at 9:00 a.m., or as soon thereafter as counsel may be heard, for an order dismissing the Complaint pursuant to Fed. R. Civ.

P. 4(m) for failure of service of process, Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and/or Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  Oral argument is requested.

In support of this motion, we shall rely on the brief served with this notice.  A proposed Form of Order is annexed.

DONNELLY & CLARK

Dated:  September 2, 2014

BY: /s/ John M. Donnelly
     John M. Donnelly

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MARYANNE KLEMMER, BRUCE
PEARLMAN AND GERALD FLORIO,

        Plaintiff,

v.

TRUMP ENTERTAINMENT RESORTS
(a Delaware Corporation), TRUMP TAJ
MAHAL ASSOCIATES, LLC (a New
Jersey Corporation, JOHN M.
DONNELLY, ESQUIRE, JOHN DOE
DECISION MAKERS (Plural 1-10) and
JOHN DOE INDIVIDUALS WHO
SECRETLY RECORDED PLAINTIFFS
(Plural 1-10)

        Defendants.

Civil No.  1:14-cv-05319-JBS-KMW

*Electronically Filed*

---

**BRIEF OF DEFENDANT TRUMP ENTERTAINMENT RESORTS,
TRUMP TAJ MAHAL ASSOCIATES AND JOHN M. DONNELLY, ESQUIRE
IN SUPPORT OF MOTION TO DISMISS**

---

**DONNELLY & CLARK**
1000 Boardwalk
Atlantic City, New Jersey 08401
(609) 347-1199

The Complaint invokes Title VII of the Civil Rights Act and the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 when Taj terminated Plaintiffs' employment on or about August 4, 2012.  The three Defendants claim that the Taj termination was improper because they voluntarily participated in a legally mandated internal employer investigation as a result of allegations brought by a number of employees who had been previously evaluated by the three Plaintiffs and then subsequently terminated by Taj (Count One) or because of their age (Count Two).

The Complaint also names John M. Donnelly, Esq., an outside attorney who represented Trump in the employer investigation of Taj in the company of two Human Resources employees of Taj. Count One, ¶¶ 2, 4.  The allegation is that Mr. Donnelly tape recorded the interviews and in so doing was acting under color of law and therefore violated the New Jersey Wiretapping Act.  Plaintiffs also allege that Mr. Donnelly represented them personally in the employer investigation, however, they cite no statutory violation.

For the foregoing reasons, none of these matters are adequately supported by law.

ALLEGED FACTS.

In Count One of the Complaint, Plaintiffs allege that they were terminated after an employer investigation into allegations by approximately 18 former employees that Taj had engaged in discrimination.  The 18 employees were terminated "following an interview and evaluation process, which Plaintiffs participated in". Id. at ¶ 3.  Thus, the Taj investigation involving the Plaintiff/evaluators.

The Complaint acknowledges that in response to the claims of the 18 former employees "Taj began an internal investigation. . . . beginning with a lengthy interview of Plaintiffs". It alleges that Mr. Donnelly made an audio tape of the interview, "secretly recorded this meeting. Id. at ¶¶ 4,5, 6.

Portions of the recording are cited in Count One, ¶ 6(a) where Mr. Donnelly bluntly states that "I do not represent any of you, personally, I represent the company, including Marilyn and Craig" [the two H.R. employees/consultants. Id. at ¶ 4]; I do not represent you personally". The recording excerpts go on to state that Mr. Donnelly noted that "what I am trying to do today is get down in black and white what went on so that we are available or we can defend this." Id. at ¶ 6(c) and that, again Mr. Donnelly stated: "I don't represent you personally". Id. at (e).

In paragraphs 7, 8 and 9 of Count One Plaintiffs acknowledge that they "voluntarily participated in and cooperated in this investigation; that the Taj "was investigating claims of age discrimination or other forms of illegal termination" and that "[t]heir participation in this process was required by law."

Following this they conclude with no allegation of any supporting fact that, although the process was a "necessary and required internal employee investigation", their participation somehow caused their termination in violation of the anti-retaliation provisions rules of the New Jersey Law Against Discrimination and Title VII of the Federal Civil Rights Act. See Id. at ¶ 11, 12 & 15.

Count Two alleges age discrimination against Taj based on the same facts.

Count Three realleges a form of retaliation against Taj, presumably based on the NJLAD.

Count Four alleges a violation of the Taj Employee Handbook.

Count Five names both Taj and Mr. Donnelly for a violation of the "New Jersey Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1 because of the taping of the employer interviews.  In Paragraph 14 of Count Five Plaintiffs note that the statute in question "generally stands for the proposition that if <u>a single participant to a voluntary oral communication agrees to the taping</u>, then it is not in violation of the Act." (Emphasis added).  The Complaint then states that the consent provision does not apply "when a person is acting under a color of law or if the communication is used for the purpose of committing any criminal or tortious act".  No criminal or tortious act is alleged.

In Paragraph 15, Defendants admit that the purpose of the interview was legitimate: "it was clear that the entire meeting was conducted for purposes of conducting an employer investigation as well as preparing a legal defense to the various letters which Mr. Donnelly stated were threatening litigation alleging illegal age discrimination and other alleged illegal conduct by the Taj".  Again, no criminal or tortious activity is alleged against Mr. Donnelly.

In Count Six Mr. Donnelly is named personally apparently for an alleged violation of R.P.C. 1.6 regarding conflicts of interest or "former clients"; 3.4 regarding fairness to the opposing party; 4.1 maintaining truthfulness in statements to others; 4.3 provide truthful information to Plaintiffs.  No statutory violation or tortious activity is alleged.

The "Wherefore" clause equivocally states that if in fact Mr. Donnelly's conduct in any way resulted in Plaintiff's termination, he should be responsible for damages.

Count Seven relates to unnamed John Does.

4

Count Eight relates to unnamed John Does.

## ARGUMENT

As noted that the Complaint has two Defendants, Taj Mahal, an "employer" and John Donnelly, an attorney who was retained by Taj Mahal to help in an employer investigation surrounding allegations of potential discrimination engaged in by Plaintiffs and Taj. Plaintiffs allege that by participating in that investigation, the subsequent termination was retaliation in violation of Title VII and NJ LAD was motivated by the Defendants' age, and that Mr. Donnelly and Taj violated the Wiretapping Act and certain R.P.C.'s. None of this pleads a case that can survive dismissal.

## TAJ DEFENDANT

Under the LAD and Title VII an employer such as Taj, when confronted with allegations of discrimination, is required to engage in an investigation in an attempt to determine what happened and if, in fact, there was discrimination. If there is discrimination, prompt remedial action must be taken.

Plaintiff's admit that that is precisely what Taj was doing when it asked Mr. Donnelly and its H.R. personnel to interview the three supervisors who had evaluated the persons who were subsequently fired and who were making allegations of discrimination. The supervisors, as participants in the process that led to the termination of the eighteen former employees, were critical to that investigation.

When Mr. Donnelly began the interview, he stated clearly that he did not represent the three Plaintiffs. As Count One demonstrates, in the brief excerpts of the tape that are submitted in the Complaint, Mr. Donnelly on three occasions bluntly stated that he did not represent the Plaintiffs. He also made it clear that he was investigating

allegations of discrimination in a process that they participated in and seeking to obtain the facts: See Count One ¶ 6.

Nowhere in the Complaint do the Plaintiffs allege that they stated during that interview that they had done anything wrong in conducting the evaluations and participating in the ultimate termination of the 18 employees. They acknowledge in the Complaint that they did participate in the evaluations, but they do not allege or even suggest that they told Mr. Donnelly and the H.R. representatives that they or Taj engaged in any discrimination. Nor do they allege any fact to support a conclusion that they performed any act or admission or stated anything that would lead to retaliation against them. Rather, they simply make the bare allegation that they were terminated because of a "perceived" belief that they would be a "weak link" in the case. Nothing is plead to underpin that assertion.

Putting aside the absurdness of this allegation (a reasonable Defendant would want to keep the persons who participated in the evaluation process on its side), it is not actionable. As noted, employer is required to do an investigation when allegations of discrimination are made. It is admitted that is exactly what Taj/Donnelly were doing. A natural consequence of that was interviewing the persons who were involved in the process – the Plaintiffs. As noted in the Complaint, employees did not refuse or object to participate in the interview. Rather, as they state, they "voluntarily" participated. Moreover, there is nothing in the Complaint that suggest that they in any way mentioned or implied any wrongdoing or discrimination on their behalf or on the behalf of the employer, Taj. Therefore, the Complaint is absolutely void of any foundation to support the claim that caused Taj to retaliate against them and their "voluntary participation" in

6

the required employer interviews. See Texas Southwestern Med. Ctr. V. Nassar, U.S. ; 186 L. Ed. 2d 503, 518 (2013), Marrero v. Camden County Board of Social Services, 164 F. Supp.2d 455, 474 (D.N.J. 2001) (citing Krouse v. Am. Sterizer, 126 F.3d 494, 503 (3d Cir. 1997) (must have causal link), Romano v. Brown & Williamson Tobacco Corp., 284 N.J. Super 543, 549 (App. Div. 1995) (LAD retaliation claim requires the allegation of a causal link between protected retaliatory action and adverse employment decision). Therefore, Counts One through Four must be dismissed.

DONNELLY/TAJ DEFENDANTS

Mr. Donnelly is not an employer under either Title VII or NJ LAD. The allegations of Mr. Donnelly (and Taj) are that they violated the Wiretap Act in audio taping the interview.

In New Jersey that it is permissible for one party to a conversation to audio tape record another; The state being a "single consent" state. The Wiretap Act does not forbid this.

Nor is there any indication in the brief that Mr. Donnelly - a private attorney - was "acting under the color of law". Nowhere in the brief is there any suggestion that Mr. Donnelly was or is a government official or was in any other way acting under the control or with the authority of the government. Rather the Complaint states repeatedly that Mr. Donnelly was assisting in a required employer investigation into allegations of discrimination. All of these acts, according to the Complaint, were those of a private employer and private citizen.

Based on the foregoing, the allegations in Count Five cannot survive.

7

## DONNELLY ALONE

The final allegation naming a person in Count Six references a myriad of alleged violations of the Rules of Professional Conduct. There is no allegation that any activity that Mr. Donnelly is alleged to have engaged in violated any law or constituted tortious conduct. There is no claim in the Wherefore clause that any of that action violated any statute or common law. Moreover, the Wherefore clause itself is vague stating only that if the existence of an audio tape record as to what persons actually said at the interview "in any way resulted in Plaintiffs termination" the Plaintiffs "would demand damages". No basis for those damages is set out. The Complaint also seeks "equitable and declaratory relief" against Mr. Donnelly and the Taj to suppress the transcript and each of the Plaintiffs depositions. That, however, appears to be an allegation that the 18 former employees may make as there is no action pending by Taj against the three Plaintiffs. Should the 18 Defendants seek to bring such a motion in their existing Complaint, they should do so under another form and under another docket number.

## CONCLUSION

For the foregoing reasons, there is no legal cause of action against either the Taj or Mr. Donnelly and Defendants request that same be dismissed with prejudice and with cost and attorneys fees.

Respectfully Submitted,

/s/ John M. Donnelly
John M. Donnelly

Dated: September 2, 2014

8

**DONNELLY CLARK**
1000 Boardwalk
Atlantic City, NJ  08401
(609) 347-1199; fax: (609) 449-5090
Attorneys for Defendants, Trump Entertainment Resorts, Trump Taj Mahal Associates, LLC and John M. Donnelly, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Maryanne Klemmer, Bruce Pearlman and Gerald Florio,<br><br>Plaintiffs,<br><br>v.<br><br>Trump Entertainment Resorts (a Delaware Corporation), Trump Taj Mahal Associates, LLC (a New Jersey Corporation), John M. Donnelly, Esquire, John Doe Decision-makers (Plural 1-10) and John Doe Individuals Who Secretly Recorded Plaintiffs (Plural 1-10),<br><br>Defendants, | CIVIL ACTION NO.:<br><br>1:14-cv-05319-JBS-KMW<br><br><br>**ORDER** |

This matter being opened to the Court by John M. Donnelly, Esq. of the law firm of Donnelly & Clark, attorneys for Defendants, Trump Entertainment Resorts, Trump Taj Mahal Associates, LLC and John M. Donnelly, Esquire, and the Court having considered the papers submitted and for good cause shown,

IT IS on this _____ day of _____, 2014,

**IT IS HEREBY ORDERED** that Defendants Notice of Motion to Dismiss is GRANTED and the Complaint be and hereby is dismissed with prejudice and attorneys fees; and

**IT IS HEREBY FURTHER ORDERED** that a copy of this Order shall be served on all counsel within _____ days.

_____
J.S.