```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARYANNE KLEMMER, BRUCE PEARLMAN, and GERALD FLORIO, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 14-5319 (JBS/KMW) |
| v. | |
| TRUMP ENTERTAINMENT RESORTS, *A DELAWARE CORPORATION*, TRUMP TAJ MAHAL ASSOCIATES, LLC *A NEW JERSEY CORPORATION*, JOHN M. DONNELLY, ESQUIRE, JOHN DOE DECISION-MAKERS (PLURAL 1-10), and JOHN DOE INDIVIDUALS WHO SECRETLY RECORDED PLAINTIFFS (PLURAL 1-10), | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this civil rights action, Plaintiffs Maryanne Klemmer, Bruce Pearlman, and Gerald Florio (hereinafter, "Plaintiffs") generally allege that their former employer, Defendants Trump Entertainment Resorts and Trump Taj Mahal Associates, LLC (hereinafter, the "Trump Defendants"), terminated Plaintiffs' employment in retaliation for their participation in an internal investigation and otherwise on account of their ages. (See generally Compl. at 1-30.)

On September 12, 2014, this Court administratively terminated this action without prejudice due to the Bankruptcy filing of Defendant Trump Entertainment Resorts (and all of its

subsidiaries). [See Docket Item 5.] On June 15, 2015, however, the Bankruptcy Court issued an Order permitting Plaintiffs to "'proceed with their Complaint solely against co-Defendant John M. Donnelly, Esquire.'" (Donnelly Cert. at ¶ 10 (citation omitted).) Despite permission to pursue these claims, Plaintiffs and their counsel have not sought to reinstate this action as against Defendant John M. Donnelly (hereinafter, "Defendant Donnelly" and together with the Trump Defendants, "Defendants"), nor otherwise expressed any intention of pursuing their claims.

As a result, Defendant requests that the Court dismiss this action as against him, on the grounds that their failure to prosecute prejudices his interests (in terms of his defense of this litigation and in his capacity as a practicing lawyer). [See Docket Items 6, 8, & 13.] Plaintiffs have filed no opposition to Defendant Donnelly's requests, have not responded to two separate Court Orders relative to the request for dismissal, and have otherwise failed to demonstrate an ongoing interest in pursuing this litigation against Defendant Donnelly. However, this deficiency may be explained, at least in part, by counsel for Plaintiffs' recent suspension from practicing law before this Court.

Plaintiffs have, since inception of this action, been represented by Richard L. Press, Esq., of the Law Offices of

Richard L. Press & Associates, LLC.  As a result, this Court, as recounted below, twice directed counsel for Plaintiffs to respond to Defendant Donnelly's request for dismissal.  [See Docket Items 7 & 10.]  Despite electronic service of these Court Orders, counsel for Plaintiffs filed no response.  As explained below, however, the Court takes judicial notice of Mr. Press' one-year suspension from the practice of law effective June 9, 2015, and recognizes that the deficiencies at issue here may have flowed, at least in part, from this development.  [See Docket Item 29 in Misc. No. 11-86 (MAS), aff'd, ___ F. App'x ____ (3d Cir. 2016).]

Against that backdrop, the issue presented in Defendant Donnelly's dismissal request concerns whether the present procedural circumstances of this action warrant the dismissal of their claims against Defendant Donnelly, and, if so, whether the dismissal should be without prejudice in light of Plaintiffs' counsel's one-year suspension from the practice of law.

For the reasons that follow, Defendant's unopposed request for dismissal will be granted in part, and Plaintiffs' claims against Defendant Donnelly will be dismissed without prejudice. The Court finds as follows:

1. **Factual and Procedural Background**.[1] Plaintiffs filed the Complaint at issue here in New Jersey state court on July 25, 2014, alleging that their termination resulting from discrimination and their participation in protected activity, and that Defendants conducted an unlawful investigation into a variety of employee allegations. (See generally Compl.) As a result, Plaintiffs seek declaratory, injunctive, and monetary relief under the Law Against Discrimination, N.J.S.A. § 10:5-12 and the Wiretapping and Electronic Surveillance Control Act, N.J.S.A. §§ 2A:156A-1, -37 (hereinafter, "WESCA"), among other common law and state statutory authority.[2] (See generally id.)

2. Following removal,[3] this Court administratively terminated this action in its entirety, on account of the Trump Defendants' bankruptcy petition and the automatic stay provisions of 11 U.S.C. § 362. [See Docket Item 5.]

---

[1] For purposes of the pending dismissal request, the Court accepts as true the version of events set forth in Plaintiffs' Complaint. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); see also ACR Energy Partners, LLC v. Polo N. Country Club, Inc., ___ F. Supp. 3d ____, Nos. 15-2677 & 15-5324, 2015 WL 6757574, at *1 n.2 (D.N.J. 2015) (same).

[2] Plaintiffs' Complaint directs two Counts at Defendant Donnelly, stemming from his role in conducting an internal investigation: one for violations of the WESCA (seemingly because he recorded his interviews of employees), and the other for allegedly committing related ethical breaches (on the ground that his interviews somehow created an attorney-client relationship between himself and Plaintiffs). (See Compl. at 17-28 (Counts Five and Six).)

[3] Defendants removed this action to this federal Court on August 25, 2014. [See Docket Item 1.]

4

Nevertheless, on June 15, 2015, the Bankruptcy Court granted Plaintiffs, through their current counsel, limited relief from the automatic stay in order to proceed with their Complaint as against Defendant Donnelly.  See In re Trump Entm't Resorts, Inc., Case No. 14-12103 (KG) (Bankr. D. Del.).  Despite permission, Plaintiffs have taken no action relative to their claims against Defendant Donnelly.  To the contrary, counsel for Plaintiffs has purportedly expressed no "object[ion] to a dismissal of [Defendant] Donnelly with prejudice."[4]  (Donnelly Cert. at ¶ 13.)

    3.   As a result, on December 30, 2015, Defendant Donnelly asked the Court to "enter an Order Administratively reinstating and dismissing the claims against [Defendant] Donnelly, (but not Trump) with prejudice."  [Docket Item 6.]  This Court, in turn, entered a Text Order on the same day directing counsel for Plaintiffs to file a response to Defendant Donnelly's letter or, in lieu of a letter, an appropriate consent order by no later than January 8, 2016.  [See Docket Item 7.]  Nevertheless, counsel filed no response, nor otherwise evidenced any ongoing

---

[4] Defendant Donnelly's submissions detail his multiple efforts to discuss the procedural circumstances of this action with Mr. Press [see, e.g., Docket Item 13], and Defendant Donnelly's certification creates the impression that he corresponded with Mr. Press subsequent to his suspension. (See, e.g., Donnelly Cert. at ¶ 13.)  The precise nature and timing of these communications remains unclear.

5

interest in pursuing claims against Defendant Donnelly.  As a result, Defendant Donnelly restated his request for dismissal on January 28, 2016.  [See Docket Item 8.]

4.  In view of this second request, on February 2, 2016, this Court entered an Order directing counsel for Plaintiffs to "**SHOW CAUSE** in writing, and by no later than **February 15, 2016**, why this action should not be dismissed with prejudice as against Defendant Donnelly for failure to prosecute under Federal Rule of Civil Procedure 41(b)."  [Docket Item 10 (emphases in original).]  Beyond this, the Court emphasized that "**counsel for Plaintiffs' failure to respond to [the] Order to Show Cause may result in the dismissal of Plaintiffs' claims against Defendant Donnelly with prejudice, and without any additional notice**."[5]  [Id. (emphasis in original).]  Counsel for Plaintiffs filed no response, nor otherwise relayed to the Court who from the Law Offices of Richard L. Press & Associates, LLC (or elsewhere) intends to handle this action during the remainder of Mr. Press' suspension.

5.  **Standard of Review Applicable to Defendant's Request for Dismissal**.  Federal Rule of Civil Procedure 41(b) permits a

---

[5] In addition, the Court directed Defendant Donnelly to "file a supplemental submission addressing the standard governing dismissals for failure to prosecute," which the Court has considered in connection with his request for dismissal.  [See Docket Item 13.]

6

defendant to seek the dismissal of a claim for failure to prosecute and/or to comply with a Court order.  See Fed. R. Civ. P. 41(b).  In addressing a motion to dismiss on these grounds, prevailing case law typically obligates district courts within this Circuit to evaluate the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 864, 867-68 (3d Cir. 1984).  When "a litigant's conduct makes adjudication of the case impossible," however, a Poulis balancing becomes "unnecessary."  Shipman v. Del., 381 F. App'x 162, 164 (3d Cir. 2010); see also Abulkhair v. New Century Fin. Servs., Inc., 467 F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's dismissal of plaintiff's complaint, despite the fact that the court did not "appear to weigh the Poulis factors"); Sebrell ex rel. Sebrell v. Phila. Police Dep't., 159 F. App'x 371, 373–74 (3d Cir. 2005) (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990)).

  6. This case presents circumstances that nearly match those that require no extensive analysis under Poulis.  Indeed, aside from simply failing to pursue their claims against Defendant Donnelly in the nine months following the Bankruptcy Court's stay relief, the law firm of counsel for Plaintiffs has, on two separate occasions, ignored Court Orders specifically directed at determining Plaintiffs' intentions vis-à-vis Defendant Donnelly.  [See, e.g., Docket Items 7 & 10.]  In that

7

way, Plaintiffs' inaction, through counsel and in their own right, leaves it "impossible" at this juncture to adjudicate their claims against Defendant Donnelly, Abulkhair, 467 F. App'x at 153, and appears to reflect their disinterest in pursuing this action against him. These circumstances arguably warrant, by themselves, the dismissal of Plaintiffs' claims against Defendant Donnelly. See Abulkhair, 467 F. App'x at 153 (finding a Poulis balancing "not necessary" in light of plaintiff's repeated failures to respond and to comply with the court's orders); Shipman, 381 F. App'x at 164 (finding "dismissal for failure to prosecute" warranted, notwithstanding the fact that "the District Court did not make explicit findings concerning the Poulis factors"); TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC, 12-3355, 2016 WL 716874, at *3 (D.N.J. Feb. 22, 2016) (finding a Poulis balancing unnecessary).

  7. Nevertheless, a balancing of the Poulis factors, too, favors dismissal. Under Poulis, the Court must evaluate:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary as a result of the dilatory conduct; (3) whether the party has exhibited a history of dilatoriness; (4) whether the party or the attorney acted willfully or in bad faith; (5) the effectiveness of sanctions short of dismissal; and (6) the overall merit, if any, of the claim(s).

See Poulis, 747 F.2d at 868. Though not every Poulis factor needs to be satisfied in order to justify dismissal, see Briscoe

v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008), this Court will address each factor in turn.

    8.   **Extent of Plaintiffs' Personal Responsibility**.  As explained above, Plaintiffs have, since inception, pursued this action through counsel.  This Court, however, takes judicial notice under Federal Rule of Evidence 201(b) of the fact that, on June 9, 2015, this Court suspended counsel for Plaintiffs, Richard L. Press, Esq., from the practice of law in this federal District for a period of one year.[6]  [See Docket Item 29 in Misc. No. 11-86(MAS).]  Although Mr. Press pursued this case, before his suspension, with the help of at least one associate, this Court cannot, given these circumstances, conclude that Plaintiffs themselves bear personal responsibility for the failure of their (now suspended) counsel to comply with Court Orders.[7]  Indeed, the record contains no evidence of Plaintiffs' personal involvement in the prosecution of this litigation, much less any knowledge on their part of Mr. Press' inability to continue on as their counsel.  In that way, although a "client cannot always avoid the consequences of the acts or omissions of

---

[6] The U.S. Court of Appeals for the Third Circuit affirmed this District's Disciplinary Order on February 29, 2016.
[7] Despite his suspension, Mr. Press' law firm still appears as counsel of record for Plaintiffs in this action.  It is troubling that this firm has apparently taken no steps to protect its clients' interests in this matter, either by having an associate handle the case or by obtaining substitute counsel.

9

its counsel," Poulis, 747 F.2d at 868 (citing Link v. Wabash R.R., 370 U.S. 626, 633 (1962)), the uniqueness of Mr. Press' suspension places the pending dismissal request in an unusual posture. More specifically, given the dearth of information on Plaintiffs' personal responsibility and the suspension of Mr. Press, the first Poulis factor weighs against dismissal. See Meridian Nursing & Rehab at Shrewsbury v. Ctrs. for Medicare & Medicaid Servs., 555 F. App'x 177, 181 (3d Cir. 2014) (finding the factor neutral, if not slightly weighing against dismissal, under similar circumstances); but see Aldsworth v. State Farm Fire & Cas. Co., No. 13-2941, 2015 WL 915487, at *3 (M.D. Pa. Mar. 3, 2015) (finding that the first factor favored dismissal, despite the lack of information on the plaintiffs' personal responsibility).

9. **Prejudice to Defendant Donnelly**. With respect to this factor, prejudice typically includes "'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" Briscoe, 538 F.3d at 259 (citation omitted). Prejudice for the purpose of Poulis, however, does not mean irreparable harm. See id. (citation omitted); see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Rather, "the burden imposed by impeding a party's ability to

10

prepare effectively a full and complete trial strategy [rises to a] sufficiently prejudicial" level. <u>Ware</u>, 3222 F.3d at 222.

    10.  Here, the law firm of counsel for Plaintiffs' failures to respond and to pursue this action beyond the pleadings, have blocked Defendant Donnelly, a practicing attorney, from mounting any defense to Plaintiffs' claims. <u>See</u> <u>Hayes v. Nestor</u>, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) (finding that plaintiff's conduct rendered "it unnecessarily difficult for [d]efendants to litigate the case"). Even more critically, though, his inability to challenge Plaintiffs' claim on the merits have "stymied" his "effort[s] to waive in[] as an attorney in another state," and may impact the premium calculation for his firm's malpractice insurance. (Def. Donnelly's Br. at 7; <u>see</u> <u>also</u> Ex. F to Def. Donnelly's Br.) In that way, the prejudice to Defendant Donnelly from the lack of traction in this action extends beyond the confines of this single litigation. These circumstances, in turn, present obvious prejudice to Defendant Donnelly, who should not bear the brunt of Plaintiffs' failure to litigate their own claims (through counsel or otherwise). <u>See</u> <u>Patel v. Patel</u>, No. 14-2949, 2015 WL 4391304, at *4 (E.D. Pa. July 17, 2015) (finding prejudice because the defendant could not "properly defend an action that [p]laintiff [did] not adequately prosecute"). As a result, the second <u>Poulis</u> factor "'heavily'" favors dismissal.

Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (citation omitted) (explaining that a "finding of prejudice to the opposing party under Poulis 'weighs heavily in favor of dismissal'"), adopted by, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

    11.  **History of Dilatoriness**.  With this factor, a "party's problematic acts must be evaluated in light of its behavior over the life of the case."  Adams v. Trustees of N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) Nevertheless, "repeated delay or delinquency" or "consistent tardiness in complying with court orders" constitutes "a history of dilatoriness."  Id. at 874 (citations omitted).  In this case, Mr. Press' law firm has consistently disregarded Court Orders, and Plaintiffs themselves have shown no interest in this litigation since the Bankruptcy Court's stay relief (over nine months ago).  This behavior therefore amounts to far more than tardiness or delinquency; Plaintiffs and their counsel have been entirely absent and nonresponsive, despite prompting from this Court.  This inaction reflects, at a minimum, a history of dilatory action.  See TBI Unlimited, LLC, 2016 WL 716874, at *4 (finding a history of dilatoriness from the defendants' failure to comply with the court's order).  For that reason, the third Poulis factor favors dismissal.

12.  **Willfulness or Flagrant Bad Faith**.  With this factor, the Court must look for "'willful or contumacious behavior,'" involving "'intentional or self-serving behavior,'" rather than negligence or simply a failure to move with dispatch.  Briscoe, 538 F.3d at 262 (quoting Adams, 29 F.3d at 875 (citation omitted)).  Where, however, "the record remains unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, at the very least, renders [the] actions willful for the purposes of the fourth Poulis factor." Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (citations and internal quotation marks omitted).

13.  Here, Mr. Press' law firm has offered no explanation for its failure to comply with the Court's Orders, and the lack of communication has stalled any progression of this case relative to Defendant Donnelly.  Even with Mr. Press' suspension, the failure of his law firm to participate in this action certainly rises to a level above mere negligence.  See TBI Unlimited, LLC, 2016 WL 716874, at *4 (finding the failure to comply with a single court order demonstrated "willful disobedience"); Patel, 2015 WL 4391304, at *4 (finding that similar circumstances demonstrated bad faith); Hunt-Ruble, 2012 WL 2340418, at *5 (finding that a failure to comply with court orders "constitute[d] a willful failure to participate in th[e]

13

litigation"). Consequently, the fourth Poulis factor weighs in favor of dismissal.

    14. **Effectiveness of Alternative Sanctions**. In addressing the fifth Poulis factor, the Court recognizes, at the outset, that dismissal constitutes a "drastic sanction," reserved only for appropriate cases. Poulis, 747 F.2d at 867-68. Here, though, Plaintiffs (and their counsel) have consistently shirked their obligations under two separate Court Orders [see Docket Items 7 & 10], including, most especially, one which directed counsel for Plaintiffs to "**SHOW CAUSE** ... why this action should not be dismissed with prejudice as against Defendant Donnelly" and emphasized, in bold print, that a "**failure to respond ... may result in the dismissal of Plaintiffs' claims against Defendant Donnelly with prejudice, and without any additional notice**." [Docket Item 10 (emphasis in original).] Even with Mr. Press' suspension, his firm remains responsible for staffing this action and ensuring compliance with Court orders. Against this backdrop, Plaintiffs' multiple failures create the impression that sanctions short of dismissal would prove futile in compelling them to act any differently. See TBI Unlimited, LLC, 2016 WL 716874, at *4 (finding "no effective alternatives to dismissal"); Williams, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011) (reasoning that, "alternative sanctions would not prompt [p]laintiff to comply," given his failure to do so, despite

14

"notice that sanctions may be imposed"). Given these circumstances, the fifth Poulis factor favors dismissal.

15. **Meritoriousness of Plaintiffs' Claims**. In addressing the merit of a claim, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Here, however, the Court administratively terminated this action at the outset of the litigation. Because this action remains in its early phases (pre-dismissal motion practice and discovery), the Court lacks sufficient grounds to evaluate the meritoriousness of Plaintiffs' claims. For that reason, the Court finds the sixth Poulis factor neutral. See Caffrey v. Scott, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011) (finding the sixth Poulis factor "largely neutral" because the Court did not possess "sufficient grounds to evaluate the meritoriousness" of plaintiff's claims at that stage of the proceeding).

16. **Conclusion**. In this case, the Poulis factors, on balance, favor the dismissal of Plaintiffs' claims against Defendant Donnelly. However, the absence of any showing on Plaintiffs' personal responsibility, coupled with Mr. Press' suspension, support a sanction short of dismissal with prejudice. Rather, Defendant Donnelly's request for dismissal will be granted in part, and Plaintiffs' claims against him will

15

be dismissed without prejudice. Under the unique circumstances presented here, a dismissal without prejudice best recognizes the lack of showing on Plaintiffs' personal responsibility, the uncertainty created by Mr. Press' suspension, and the prejudice to Defendant Donnelly from the lengthy continuation of this litigation during the pendency of the Trump Defendants' bankruptcy.

17. The Court wishes to advise the three Plaintiffs directly of the reasons for dismissal of their case against Defendant Donnelly. Their Complaint, however, bears only the address of counsel, and the few documents filed in this removed action do not appear to identify Plaintiffs' actual addresses. Moreover, although the Court will direct the Clerk of Court to mail a copy of this decision to the Law Offices of Richard L. Press & Associates, LLC, the Court has little confidence that the Law Firm (or one of its associates) would transmit this Court's decision to Plaintiffs, despite its obligation to do so. For that reason, the Court will require Defendant Donnelly to use his best efforts to mail a copy of this Court's Memorandum Opinion and Order to the last known addresses of the three Plaintiffs, and if successful, to then file proof of service on the docket.

18.  An accompanying Order will be entered.

**March 23, 2016**                                **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge